## IN THE MATTER OF GEORGE C. STRATEMEYER.

### March 20, 1905.

*Attorney's Fees:*

Fees not allowed involuntary bankrupt's attorney for services pertaining to bankrupt's admission of inability to pay debts, hearing for adjudication, trustee's suit to set aside bankrupt's conveyance of real estate and negotiations for compromise thereof, proceedings for order of sale of real estate and hearing on question of bankrupt's ownership of personal property.

In Bankruptcy:   Petition for Attorney's Fees.

C. F. Peterson, Attorney for Alleged Bankrupt.

DOLE, J.   C. F. Peterson, attorney for the said alleged bankrupt, petitions for the allowance of fees out of assets of the said estate for his services therein, and offers the following statement of services rendered:

"1904.

| | |
|---|---|
| "June 30, | Drafting and getting signature to letter acknowledging bankrupt's inability to pay debts. |
| "July 18, | Attendance in court at hearing for adjudication of bankrupt. |
| "Aug. 9, | Preparing schedules of assets and liabilities (3 sets). |

Attendance at meetings of creditors with bankrupt.

"Aug. 20-22,    Attendance and services in suit brought by trustee to set aside conveyance of real estate made by bankrupt.

"Sept. and      Services in same, preparing answers, negotiations for compromise, attendance in court.
October,
"1905.

"Jan. 16-19,    Attendance in court twice in hearing concerning ownership of piano and on order of sale of real estate.

"February,      Preparing and filing bankrupt's petition for discharge and attendance in court on hearing of same."

The law on this subject is in section 64 of the Bankruptcy Act, subdivision b, and provides that certain debts against a bankrupt estate shall have priority and be paid in full, and, among other services, names the following: "One reasonable "attorney's fee for the professional services actually rendered "irrespective of the number of attorneys employed, to the peti- "tioning creditors in involuntary cases, to the bankrupt in "involuntary cases while performing the duties herein pre- "scribed." The services referred to are given in section 7 of the Bankruptcy Act, and the services described in the statement of petitioner, which come within this section, are "Preparing schedules of assets and liabilities," "Attendance at meetings of creditors with bankrupt," and "Preparing and filing bankrupt's petition for discharge and attendance in court on hearing of same." The other items relate mainly to attorney's services in proceedings contesting the title of third parties in certain property claimed by the trustee to belong to the bankrupt estate. The other two of the items, referring to preparing admission of the alleged bankrupt of his inability to pay his debts and his willingness to be declared a bankrupt, and attendance in court at hearing for adjudication of bankruptcy, are not within the services mentioned in the statute.

Referring to the case *In re Mayer,* on this subject, 101 Fed. Rep. 695, 696, 697, 4 Am. B. R. 238, I find the following, which appears to me to be a sound statement of the law:

"The duties to be performed by the bankrupt in the proceedings are prescribed in section 7, and all relate to attendance and services of presumptive benefit to the estate, with the possible exception of attending at 'the hearing upon his application for a discharge.' The preparation of schedules by the bankrupt in involuntary cases, and his attendance on compulsory examinations before the referee, are matters in discharge of his duty, for the benefit of the estate, and each may require the services of an attorney, for which the estate thus receiving the benefit is chargeable for reasonable compensation; but in conformity with the purposes of the act, the allowance must be made 'sparingly and with great caution.' . . . . . . . . . . The test for compensation out of the estate is whether the service is rendered in performance of the bankrupt's duty in aid of the estate and its administration, and not whether the bankrupt stands in need of the service of counsel for his personal benefit and protection in any of the proceedings. No sanction appears in any of the provisions for an allowance in the last mentioned view, and its adoption would violate the general consistency of the act for securing economy in administration."

In accordance with this authority, I find that the petitioner is entitled to fees for preparing schedules, for attendance at meetings of creditors with the bankrupt, and for preparing and filing bankrupt's petition for discharge and attendance in court on hearing of the same, and for none of the other items.

A reasonable fee for these services is, in my judgment, the amount of fifty ($50.00) dollars, which is allowed, to be paid out of the bankrupt's estate.